UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
JAHSHAE STEWART,                        :
                                        :
                Plaintiff,              :    19cv4617(DLC)
                                        :
        -v-                             :    ORDER
                                        :
LURLINE BAY, LLC (d/b/a HARBOUR         :
OUTDOOR), and EXCEL HR SERVICES, LLC,   :
                                        :
                Defendants.             :
                                        :
----------------------------------------X

DENISE COTE, District Judge:

On October 25, 2019, defendant Excel HR Services, LLC ("Excel")[1] filed a motion to dismiss Count Ten of the complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P. In essence, the motion argues that, because Excel's client, defendant Lurline Bay, LLC ("Lurline"), employed fewer than 20 employees on at least 50 percent of its typical business days in 2016, the plaintiff is not a covered employee under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") and therefore Count Ten cannot be sustained. The motion became fully submitted on December 2.[2]

---

[1] Excel notes that it is properly designated as "Excel Human Resources Services, LLC."

[2] Attached to the motion to dismiss is a declaration by an Excel employee and a heavily redacted spreadsheet of Lurline's payroll records. The motion notes that, while it moves under Rule

Having reviewed the parties papers and the documents attached thereto, it is undisputed that Count Ten of the First Amended Complaint states a claim against Excel.[3] It is equally apparent, however, that all parties would benefit from an opportunity to timely resolve the issue of whether plaintiff is a covered employee and, therefore, whether Count Ten can be sustained against Excel. Accordingly, it is hereby

ORDERED that the October 25, 2019 motion to dismiss is denied.

IT IS FURTHER ORDERED that the parties shall meet and confer to identify any discovery that is necessary to determine whether Lurline employed fewer than 20 employees on at least 50 percent of its typical business days in 2016 and, accordingly, whether plaintiff is a covered employee under COBRA.

IT IS FURTHER ORDERED that, if the parties are unable to come to an agreement with respect to the scope of such discovery, they shall submit by **December 19** a letter no longer than two pages describing the parties' positions and the nature of the discovery in dispute.

IT IS FURTHER ORDERED that, if the parties are unable to come to an agreement with respect to the scope of such

---

12(b)(6), the Court may convert the motion to one for summary judgment.

[3] On November 14, the plaintiff filed a First Amended Complaint.

discovery, a telephone conference is scheduled for **December 20** at **11:30 a.m.** Counsel for Excel shall have all parties on the line and call chambers at 212-805-0202.

Dated: New York, New York
December 16, 2019

                                               _____
                                                         DENISE COTE
                                         United States District Judge