# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JAHSHAE STEWART,

Plaintiff,

vs.

LURLINE BAY, LLC (d/b/a HARBOUR
OUTDOOR), and EXCEL HR SERVICES, LLC,

Defendants.

Civil Action No. 1:19-CV-04617 (DLC)(SDA)

## DISCOVERY CONFIDENTIALITY ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12-17-19

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1.      Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26 of the Federal Rules of Civil Procedure (hereinafter, "Confidential material"). Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2.      Any party to this litigation and any third-party shall have the right to designate as

"Attorneys' Eyes Only" and subject to this Order any Confidential material, information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including, without limitation, any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only"). If counsel for a party receiving documents or information designated "Attorneys' Eyes Only" hereunder objects to such designation of any or all of such items, the procedure in Paragraph 8 shall apply.

3.    All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

4.    Confidential material and the contents of Confidential material may be disclosed

only to the following individuals under the following conditions:

a.  Counsel of record in this action and employees of counsel in this action who have been actively engaged in the conduct of this litigation;

b.  Outside experts or consultants retained by counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c.  Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d.  The Court and court personnel;

e.  Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

f.  Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g.  The parties.  In the case of defendant, Lurline Bay, LLC, "party" shall mean the owners, Harrison Condos and Nick Condos, executives who are

required to participate in decisions with reference to this lawsuit.  In the case of defendant, Excel Human Resources Services, LLC, "party" shall mean the owner, Justin Newton, who is required to participate in decisions with reference to this lawsuit.

h.     A mediator agreed upon by all parties and retained for purposes of mediating or facilitating settlement of this action.

5.     Confidential material shall be used only by individuals permitted access to it under Paragraph 4.  Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6.     With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties.  No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

4

7.     Material produced and marked as Attorneys' Eyes Only may be disclosed only to counsel of record for the receiving party and to such other persons as counsel of record for the producing party agrees in advance or as Ordered by the Court.

8.     If counsel for a party receiving documents or information designated as "Confidential" or "Attorneys' Eyes Only" hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a.     Counsel for the objecting party shall serve on the designating party or third-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b.     If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court, in accordance with Local Civil Rule 37.2, before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally

designated pending resolution of the dispute.

9.     ~~Confidential material shall not be filed in the public record of this litigation.~~

10.    If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court. Whenever any person subject to this Order is requested by a subpoena, request for production of documents, civil investigative demand, or other legal process, to disclose to persons or entities not parties to this action, any documents, objects, things, or testimony designated Confidential material in this action, such person, unless otherwise prohibited from doing so by law, shall as soon as reasonably practical and prior to production, but in no event later than five (5) business days after receipt of the request, notify the producing party (or its counsel of record) by certified mail, return receipt requested, of the existence and terms of such request.  If a response to such request is due in less than ten (10) days, the notice shall be given orally and confirmed in writing to the producing party, sent by facsimile within forty-eight (48) hours after receipt of such request.  Subject to a court order prohibiting disclosure or production, the party receiving such request shall be entitled to make disclosure or production.

11.    To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed

that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Discovery Confidentiality Order.

12.     When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

13.     No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

14.     This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

15.     This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the

written stipulation of the parties filed with the Court. This Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

16.     Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material and to destroy, should such source so request, all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

**The Legal Aid Society**
Janet E. Sabel, Attorney-in-Chief
Adrienne Holder, Attorney-in-Charge
Abigail Cook-Mack, Staff Attorney
(Acook-Mack@legal-aid.org)
199 Water Street, 3rd Floor
New York, NY 10038
*Attorneys for Plaintiff, Jahshae Stewart*

By: _____

**Washington Square Legal Services, Inc.**
245 Sullivan Street, 5th Floor
New York, NY 10012
*Attorneys for Plaintiff, Jahshae Stewart*

**Archer & Greiner, P.C.**
Court Plaza South, West Wing
21 Main Street, Suite 353
Hackensack, NJ 07601
Tel: (201) 342-6000
Fax: (201) 342-6611
*Attorneys for Defendants*

By: _____
     Michael S. Horn, Esq.
     Email: mhorn@archerlaw.com

So ordered.

*[handwritten signature]*

12/17/19

8

By: _____
      Laura Sager
      Email: Laura.sager@nyu.edu

SO ORDERED:

_____

JUDGE STEWART D. AARON, U.S.M.J

## EXHIBIT "A"

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAHSHAE STEWART,<br><br>Plaintiff,<br><br>vs.<br><br>LURLINE   BAY,   LLC   (d/b/a   HARBOUR OUTDOOR), and EXCEL HR SERVICES, LLC,<br><br>Defendants. | Civil Action No. 1:19-CV-04617 (DLC)(SDA)<br><br><br>**CERTIFICATION** |

I hereby certify that I have received a copy of and have carefully read the Discovery Confidentiality Order (the "Order") in the above-captioned case, and fully understand the terms of such Order. I agree to be bound by and to comply with the terms of such Order. I specifically agree that any information I receive which is subject to that Order shall not be used for any purpose other than in connection with the prosecution or defense of this litigation, and not revealed by me to any person except in compliance with the Order. No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained. I hereby consent to the personal jurisdiction of the United States District Court, Southern District of New York, with respect to any proceedings relating to the enforcement of such Order.

Dated: _____, 2019   _____
                                                          Signature

Name: _____

Affiliation: _____

Business Address: _____

Home Address: _____

217622755v4